IN THE UNITED STATES DISTRICT COURT, DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY KENNON | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) Case No. |
| VS. | ) |
| | ) |
| | ) |
| DANIEL ASHLEY, JOSHUA DONCOUSE, | ) |
| AUSTIN SPENCER, and CHARLES SMYSER | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW, Anthony Kennon, by and through his attorney, Joseph T. Welsh, and makes complaint against Officer Daniel Ashley, Officer Joshua Doncouse, Officer Austin Spencer, and Officer Charles Smyser, all of the City of Lawrence Police Department, for violation of his constitutional rights under the color of state law. In support thereof, Anthony Kennon states to the Court the following:

### PARTIES, JURISDICTION AND VENUE

1. Anthony Kennon ("Kennon") is a resident of Douglas County, Kansas and resides within the City of Lawrence, Kansas.

2. Officer Daniel Ashley ("Officer Ashley") is a police officer employed by the City of Lawerence, and upon good faith and belief is a resident of the State of Kansas.

3. Officer Joshua Doncouse ("Officer Doncouse") is a police officer employed by the City of Lawerence, and upon good faith and belief is a resident of the State of Kansas.

4. Officer Austin Spencer ("Officer Spencer") is a police officer employed by the City of Lawerence, and upon good faith and belief is a resident of the State of Kansas.

1

5. Officer Charles Smyser ("Officer Smyser") is a police officer employed by the City of Lawerence, and upon good faith and belief is a resident of the State of Kansas.

6. The Court has federal subject matter jurisdiction over this matter pursuant to 42 U.S.C. § 1983.

7. Venue is proper pursuant to 28 U.S.C. § 1391 as substantially all of the acts giving rise to the claims set forth in this Complaint occurred in Douglas County, Kansas.

8. There is no requirement under federal law requiring Kennon to exhaust any administrative remedies prior to filing a complaint alleging 1983 claims.

## FACTS

9. On May 1, 2022, Officer Smyser was dispatched to a Douglas County address to respond to a domestic disturbance.

10. Officer Spencer completed a report in which he advised in the report that the other officers on scene were unable to establish probable cause to arrest Kennon for domestic violence.

11. Officer Spencer was standing by to transport Kennon to his residence after Kennon gathered up some of his belongings.

12. At some point, Kennon made demand from the alleged victim to produce his tools.

13. The tools were needed by Kennon to perform his job.

14. When the tools were not produced, Kennon became irritated.

15. While Kennon was irritated, his language became more colorful towards Officer Smyser, but he did not threaten any of the officers.

16. Officer Ashley placed Kennon under arrest.

17. Kennon was handcuffed and placed in Officer Spencer's patrol car.

18. Due to a subjective assessment of Kennon's behavior in the patrol car, a decision was made to place Kennon in a WRAP restraint system.

19. Kennon was compliant in being placed in the WRAP restraint system.

20. At this time, Kennon was handcuffed, had an ankle strap that strapped his ankles together, a leg restraint, and was being placed in a chest restraint and subsequently in a helmet.

21. Kennon was unable to walk or move due to the multiple different restraints that had been placed on Kennon.

22. Kennon was cooperative, calm and obeying all commands that were given.

23. Despite there being no command to which Kennon could comply with, and no disobedience of prior commands, Officer Ashley employed a mandibular angle multiple times to Kennon.

24. The mandibular angle that was employed left multiple marks on Kennon's neck.

25. Kennon was damaged and continues to experience residual effects due to the force with which the mandibular angle was applied.

26. Mandibular angle is a procedure in which an individual places a thumb or finger immediately behind the lower portion of a person's ear and pushes forcefully forward at a forty-five degree angle.

27. Mandibular angle is a pain compliance technique.

28. The Lawrence Police Department has mandated Pain Compliance Techniques set forth in its policy manual at 300.3.4.  It provides the following:

> 300.3.4 PAIN COMPLIANCE TECHNIQUES
>
> Pain compliance techniques may be effective in controlling a physically or actively resisting individual.  Officers may only apply those pain compliance techniques for which they have successfully completed department-approved training.  Officers utilizing any pain compliance technique should consider:

      a.      The degree to which the application of the technique may be controlled given the level of resistance.

      b.      Whether the individual can comply with the direction or orders of the officer.

      c.      Whether the individual has been given sufficient opportunity to comply. The application of any pain compliance technique shall be discontinued once the officer determines that compliance has been achieved.

29.    Officer Ashley's application of the mandibular angle did not conform to the Pain Compliance Techniques set forth in the policy manual.

30.    All four of the officers at the scene completed reports of the incident.

31.    The Lawrence Police Department has a policy that mandates that all officers make an accurate report of any and all use of force, and it is set forth at 300.5, which provides the following:

> 300.5 REPORTING THE USE OF FORCE
>
> Any use of force by a member of this department shall be documented promptly, completely, and accurately in an appropriate report, depending on the nature of the incident. The officer should articulate the factors perceived and why he/she believed the use of force was reasonable under the circumstances.

32.    Officers Doncouse, Spencer and Smyser all completed reports on May 1, 2022.

33.    None of the officers' reports reflect that any use of force was utilized in placing Kennon in the WRAP restraint system.

34.    Officer Ashley did not complete a report until September 2022.

35.    The Lawrence Police Department has a policy, 300.2.1, that if any one of its officers see an inappropriate use of force, the officer is to intercede when in a position to do so, and to report the unreasonable use of force.

36.    All three officers that witnessed Officer Ashley's use of the mandibular angle when there was no command to which Kennon could respond failed to intercede when they were in a position to do so.

4

37. All three officers that witnessed Officer Ashley's use of the mandibular angle when there was no command to which Kennon could respond failed to report Officer Ashley's unreasonable use of force.

38. It is well understood and known in law enforcement that pain compliance techniques are not to be used upon a detainee unless there is an objective to be achieved by the officers, a command is given by the officers, and the detainee can comply with the command. Otherwise, such use of pain compliance techniques while subduing a detainee is only to inflict pain.

39. In this case, Officer Ashley's use of the mandibular angle was done with malice since there was no pending command to respond to and the only purpose for such use of force was to inflict pain upon Kennon.

40. A complaint was filed against Keenon alleging four (4) counts: domestic battery, battery, disorderly conduct, and interference with law enforcement in Douglas County District Court Case Number 2022-CR-000457.

41. All charges against Keenon in Douglas County District Court Case Number 2022-CR-000457 were dismissed by the State on December 21, 2022.

## CLAIMS

### COUNT I – VIOLATION OF CIVIL RIGHTS – USE OF EXCESSIVE FORCE

42. Kennon incorporates paragraphs 1 – 41 of his Complaint as if set forth fully herein.

43. Any force used "leading up to and including an arrest" may be actionable under the Fourth Amendment's prohibition against unreasonable seizures.

44. Kennon has a Fourth Amendment right to be free of unreasonable seizures that utilize excessive force.

45. Officer Ashley's use of a pain compliance technique without a command having been given to Kennon to which Kennon could respond is an unreasonable seizure as it reflects an excessive use of force with malice.

46. Kennon was damaged by Officer Ashley's unreasonable seizure and use of excessive force.

WHEREFORE, Kennon prays that the Court render judgment for him and against Officer Ashley, for compensatory damages, punitive damages, attorney's fees, costs sustained herein, and for such other and further relief as this Court deems just and equitable under the circumstance.

**COUNT II – VIOLATION OF CIVIL RIGHTS – FAILURE TO INTERVENE**

47. Kennon incorporates paragraphs 1 – 46 of his Complaint as if set forth fully herein.

48. It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.

49. Officers Doncouse, Spencer and Smyser were all present and witnessed the unreasonable seizure of Kennon by Officer Ashley.

50. Officers Doncouse, Spencer and Smyser failed to take reasonable steps to protect Kennon from Officer Ashley's use of excessive force.

51. Kennon was damaged by Officers Doncouse, Spencer and Smyser's failure to intervene.

WHEREFORE, Kennon prays that the Court render judgment for him and against Officers Doncouse, Spencer and Smyser, for compensatory damages, punitive damages, attorney's fees, costs sustained herein, and for such other and further relief as this Court deems just and equitable under the circumstance.

## DEMAND FOR JURY TRIAL

52. Kennon makes demand for a jury trial in Topeka, Kansas.

/s/ Joseph T. Welsh
Joseph T. Welsh #78138
207 S. Inman St.
P.O. Box 606
Sublette, Kansas 67877
(620) 510-5030 – Phone
(620) 510-5029 - Fax
joe@jtwelshlaw.com