IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Anthony Lee Kennon<br><br>　　　　　　　　Plaintiff<br><br>v.<br><br>Daniel Ashley et al | Case No.  5:24-cv-04034-JWB-BGS<br><br>PLAINTIFF'S OPPOSITION MOTION FOR STAY ECF 23 |

The plaintiff Anthony Kennon opposes the defendants' motion for a blanket stay of these proceedings. Defendants have not shown that there is a compelling reason for a discovery stay and that at least one of the following exceptions applies: (1) the case is likely to be finally concluded as a result of the ruling on the pending dispositive motion; (2) the facts sought in discovery would not affect resolution of the motion; or (3) discovery on all issues in the matter would be wasteful and burdensome. *Watson v. Mylan Pharm., Inc.,* No. 16-cv-2499-CM-TJJ, 2016 U.S. Dist. LEXIS 150782, at *3 (D. Kan. Oct. 31, 2016). *See Holroyd v. Dept. of Veterans Affairs,* No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) ("To stay discovery, defendants must prove that they are likely to prevail on the dispositive motion").

Mr. Kennon was arrested because he said "arrest me." ECF 6 ¶46; ¶111; ¶145; ¶152. Defendants claim that this statement is sufficient because he "disobeyed Defendant Ashley's order by continuing to test the officers; challenging them to take him to jail." ECF 20 p.2.  Urging police to "take me to jail" is not a crime but absolute protected speech.  Defendants cite name calling or cursing  -- "coward-ass bitch" – and these are not fighting words and is again protected speech.  None of the above constitutes the crime of disorderly conduct. ECF 6 ¶¶39-40; 43.  Calling defendant Ashley a "stupid ass" and "you're a bitch," "cowering down to Destiny," that "she isn't

1

going to fuck you ever, "that "you should have sent her bitch ass to jail," and "that's the coward shit that is life changing" is all protected speech and could never constitute any of the crimes defendants allege. ECF 6 ¶9. This is why the prosecuting attorney dismissed those charges. ECF 6 ¶¶84-87.

Defendants then make up from whole cloth other purported crimes – domestic battery, battery, and interference with a law enforcement officer. ECF 20 p.6. Defendants assert after-the-fact that they had probable cause to arrest Mr. Kennon for domestic battery (ECF 20 p.6) simply because they were *dispatched* for a domestic violence call.[1] Nothing in the Amended Complaint remotely provides probable cause to arrest Mr. Kennon for anything including battery.[2] Saying "arrest me" does not

---

[1] And curiously the defendants omit providing the AXON videos – which if supported their contentions they surely would have provided these to the Court. *See* ECF 6 ¶¶ 77-70 (Defendants Doncouse, Spencer and Smyser all completed reports on May 1, 2022. 78. None of the officers' reports reflect that any use of force was utilized in placing Mr. Kennon in the WRAP restraint system.79. Defendant Ashley did not complete a report until September 2022).

[2] Even what defendants cite from the Amended Complaint do not support any crime by Mr. Kennon of domestic battery. See ¶¶3. In that early morning, officers had been present over a domestic violence call involving Mr. Kennon and a woman named Destiny Kennon resided with. Officers found Mr. Kennon bruised and bloodied from the assault made upon him. Mr. Kennon decided he wanted to leave the premises and the Lawrence officers agreed to assist Mr. Kennon in taking his belongings. 4. The officers had been present at the residence for approximately an hour in which the scene was peaceful, and Mr. Kennon had been dialoging with the officers peacefully. 5.At around 2:30 a.m., Mr. Kennon was loading up his belongings into one of the police vehicles, but it was determined by an officer that there was not enough room in the vehicle – "I don't have room to move your whole life man." Mr. Kennedy told him "leave it right fucking here and give me my tools and I will get a ride." The officer replied "all right" and Mr. Kennon said "can I get my tools dog?" Mr. Kennon then took his property out of the vehicle and piled in on the sidewalk.

interfere with any officer's duties that night. And calling an officer a "coward ass bitch" is no crime as alleged by these defendants. And this is a *post hac* reasoning.[3]

There is no qualified immunity for making false reports. ECF 6, ¶¶11; 20; 35; 39; 41; 42; and 43. *See Bledsoe v. Jefferson Cnty., Kan.*, 275 F. Supp. 3d 1240, 1255 (D. Kan. 2017) ("One who prevaricates and distorts evidence to convince the prosecuting authorities to press charges can be said to cause the prosecution"); *See Pierce v. Gilchrist*, 359 F.3d 1279, 1291–92 (10th Cir. 2004) (agreeing with the district court that "if Defendant was instrumental in Plaintiff's continued confinement or prosecution, she cannot escape liability"); *Bledsoe v. Carreno*, 53 F.4th 589, 614 (10th Cir. 2022).

The "weight of authority in [the District of Kansas] is against granting a stay of discovery and other pretrial proceedings, even when a dispositive motion is pending." *Digital Ally, Inc. v. Taser Int'l, Inc.,* Case No. 16-cv-2032-CM-TJJ, 2016 U.S. Dist. LEXIS 142060, at *11 (D. Kan. Oct. 13, 2016). The party seeking a discovery stay must therefore "make a clear case of hardship or inequity in being required to go forward." *Berry v. Ulrich Hereford Ranch, Inc.,* Case No. 17-2109-JTM-GEB, 2017 U.S. Dist. LEXIS 88811, at *8 (D. Kan. June 9, 2017).

---

[3] Government justifications for interfering with First Amendment rights must be genuine, not hypothesized or invented *post hoc* in response to litigation." *Kennedy v. Bremerton Sch. Dist.,* 597 U.S. 507, 543 n.8 (2022). Justification for such interference must also be communicated to the affected person. *See id.* ("But [defendant] never raised concerns along these lines in its contemporaneous correspondence with [plaintiff]").

3

Defendants do not distinguish between defendants who are eligible for qualified immunity, the plaintiffs' claims for damages against these defendants, and the plaintiff's prospective relief claims. *See Berry*, 2017 U.S. Dist. LEXIS 88811, at *7; *Dalcour v. City of Lakewood,* No. 08-cv-00747-MSK-KLM, 2008 U.S. Dist. LEXIS 58393, at *4-*7 (D. Colo. July 11, 2018) ("the mere pendency of a Motion to Dismiss on the grounds of immunity does not entitle Defendants to a complete and indefinite stay of all discovery directed to them in this case … Defendants' qualified immunity defenses only shield them from discovery related to claims for monetary damages").

The Court must predict every defendant will succeed on their motion to dismiss before the District Judge for this factor to weigh in favor of a stay. *Lofland v. City of Shawnee, Kan.,* No. 16-cv-2183-CM-TJJ, 2016 WL 5109941, at *2 (D. Kan. Sept. 20, 2016). There is no likelihood that Defendants' motion to dismiss will be granted or granted as to all claims. *See Watson*, 2016 U.S. Dist. LEXIS 150782 ("in applying the standard to the particulars of this case the Court must consider the likelihood that Defendants' motion to dismiss will be granted").

The plaintiff expressly incorporates the arguments made in his opposition memorandum to the motion to dismiss.

The defendants motion for stay should be denied.

/s/Linus L. Baker
Linus L. Baker, KS 18197
6732 West 185th Terrace
Stilwell, KS  66085-8922
Telephone: 913.486.3913
Fax:        913.232.8734
E-Mail: linusbaker@prodigy.net
Attorney for the plaintiff

Certificate of Service
The above was provided notice to all parties entitled to such notice pursuant to the Court's electronic filing system.

/s/Linus L. Baker
Attorney for the plaintiff

4