UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY KENNON,

    Plaintiff,

v.

DANIEL ASHLEY, et al.,

    Defendants.

Case No. 24-4034-JWB-BGS

**MEMORANDUM AND ORDER GRANTING MOTION TO STAY**

The matter come before the Court on Defendants the Lawrence City Commission, Daniel Ashley, Joshua Doncouse, Austin Spencer and Charles Smyser's motion to stay discovery. Doc. 21. By way of this motion, Defendants ask the Court to stay all discovery until the District Judge decides their pending motions to dismiss. *See* Doc. 22. Plaintiff Anthony Kennon (hereinafter "Plaintiff") opposes the requested stay. For the reasons discussed herein, the Court **GRANTS** the motion to stay.

**I.    Background**

On May 1, 2024, Plaintiff filed a complaint asserting claims for (1) use of excessive force and (2) failure to intervene. Shortly thereafter, Plaintiff filed an amended complaint as a matter of right on June 17, 2024. The amended complaint asserts 42 U.S.C. § 1983 claims for: (1) retaliation and retaliatory arrest for exercise of protected speech against the officer Defendants; (2) Fourth Amendment violation for unlawful arrest and failure to intervene against the officer Defendants; (3) excessive force against all Defendants; (4) malicious prosecution against the officer Defendants; and (5) failure to train and supervise against the City Defendant.

The events in the amended complaint center around a dispute in which officers were called to an apartment complex where Plaintiff was located on May 1, 2022. The officers were responding

1

to a domestic violence call involving Plaintiff and a woman named Destiny Kennon. Officer Spencer determined that there was no probable cause to arrest Plaintiff. At some point thereafter, Plaintiff wanted to leave the premises and requested that he obtain some belongings. The officers agreed to assist Plaintiff in taking his belongings. There was insufficient room for Plaintiff's belongings in the patrol car, so Plaintiff decided he would get his own ride to another location, but wanted to get his tools which were in a car on the property. Destiny was needed to access the vehicle. After at first refusing, she relented and opened the trunk so he could get his tools.

Plaintiff became irritated that Officer Ashley did not believe his tools were in the car and he perceived that Officer Ashley was biased in favor of Destiny. Plaintiff used obscene language towards Officer Ashley and other officers present. Officer Ashley eventually placed Plaintiff under arrest and moved him to Officer Spencer's patrol car. The officers decided to place Plaintiff in a WRAP restraint system. The WRAP is a restraint system in which a subject's ankles, legs, and chest are strapped. The officers also put a helmet on Plaintiff. The amended complaint further alleges that despite Plaintiff obeying all commands, Officer Ashley employed a "mandibular angle" multiple times to Plaintiff. A mandibular angle is a technique in which an individual places a thumb or finger immediately behind the lower portion of a person's ear and pushes forcefully forward at a forty-five-degree angle. Plaintiff alleges he was harmed by the technique and continues to experience its effects.

Plaintiff alleges that the application of the mandibular angle was not in compliance with Lawrence Police Department policy and that the officers present at the scene failed to report the use of force as required by department policy. The amended complaint alleges that the officers failed to take reasonable steps to protect Plaintiff from Officer Ashley's use of excessive force. In response to the complaint, the Defendants filed motions to dismiss. The City Defendant filed a motion to dismiss for failure to state a claim and the officer Defendants filed a motion to dismiss alleging, in

2

part, that the individual officer defendants are entitled to qualified immunity. Briefing is complete on both motions.

On October 18, 2024, the Defendants jointly filed the current motion to stay discovery pending the Court's ruling on their motions to dismiss. Defendants argue that the individual officer Defendants' qualified immunity defense should be ruled upon before proceeding with discovery. They further argue that discovery is not necessary to resolve the motions and it would be burdensome to proceed with discovery. Plaintiff opposes the stay. The motion is fully briefed, and the Court is prepared to rule.

## II.     Legal Standard

The decision to stay is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 1636, 1650, 166 81 L.Ed. 153 (1936). In exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Id.*, at 255. Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). Any such stay must be kept within the "bounds of moderation." *Id.* at 256.

Generally, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion. *Tomes v. LoanCare, LLC*, No. 222CV02421JWBKGG, 2023 WL 2784844, at *1 (D. Kan. Apr. 5, 2023). However, there are recognized exceptions to that policy. A stay is appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition,*

*Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024). If one of these circumstances is present, a stay may be appropriate. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). *See also Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019). "The proponent of a stay bears the burden of establishing its need." *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay").

### III.  Analysis

Defendants assert that the case should be stayed pending a ruling on the officer Defendants' motion to dismiss because they raised qualified immunity as a defense. Qualified immunity is a broad protection that gives government officials a right not only to avoid standing trial, but to also avoid the burden of pretrial matters such as discovery. *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001). Immunity is a threshold issue that allows courts to "weed out" suits before requiring the defendant to expend considerable time and resources to defend the suit. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). A defendant is therefore generally entitled to have questions of qualified immunity resolved before being required to engage in discovery. *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).

The Court finds a stay of discovery appropriate. The officer Defendants' motion to dismiss contends that they are entitled to qualified immunity. *See* Docs. 19, 20. Although Plaintiff argues they may not prevail on a qualified immunity defense, it is necessary to allow the District Judge to resolve those threshold immunity issues before requiring the Defendants to participate in discovery. *Clay v. Hydro*, No. 19-3245-DDC-ADM, 2020 WL 3429461, at *2 (D. Kan. June 23, 2020) (finding that a stay is appropriate when immunity issues are raised in dispositive motions). Moreover,

4

discovery into the issue of immunity is not necessary to counter the arguments raised in the motions to dismiss. *Arnold*, 2019 WL 2438677, at *3. Because the Court finds that the qualified immunity defense is a sufficient basis to stay the case, it need not address the other factors.[1] Accordingly, the Court will stay discovery and all related Rule 26 proceedings until the District Judge rules on the motions to dismiss. *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *2 (D. Kan. Apr. 10, 2020) (reaching same conclusion).

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery, doc. 21, is **GRANTED**. Discovery and the related Rule 26 proceedings, including the obligation to provide initial disclosures, submit a proposed scheduling order, and attend a scheduling conference, are stayed until the District Judge rules on the Defendants' motions to dismiss.

**IT IS SO ORDERED.**

Dated November 19, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

---

[1] The Court notes that the City Defendant's motion to dismiss did not raise immunity issues. However, the *Monell* claims against the city are closely related to the claims against the officer Defendants. Additionally, there is an excessive force claim against all Defendants. Therefore, the Court finds that in the interest of judicial economy, the entire case should be stayed pending a ruling on both motions due to the practical difficulties in proceeding against only the City Defendant.