IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEE KENNON,            )
                               )
        Plaintiff,             )
                               )
vs.                            )        Case No. 5;24-CV-04034-JWB-BGS
                               )
DANIEL ASHLEY, JOSHUA DONCOUSE,)
AUSTIN SPENCER, and CHARLES SMYSER, )
                               )
        Defendants.            )

# DEFENDANTS DANIEL ASHLEY, JOSHUA DONCOUSE, AUSTIN SPENCER AND CHARLES SMYSER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW, Defendants, Daniel Ashley, Joshua Doncouse, Austin Spencer And Charles Smyser's (hereinafter "Defendants") by and through its counsel of record, and for their answer to Plaintiff's Amended Complaint states and alleges as follows:

1. Paragraph 1 of the Amended Complaint is a declaratory statement to which no response is required, Defendants deny that Plaintiff has a valid cause of action based on any of the federal statutes set forth in paragraph 1.

2. Defendants deny the averments and allegations contained in paragraph 2 of the Amended Complaint.

3. Defendants deny the averments and allegations contained in paragraph 3 of the Amended Complaint.

4. Defendants deny the averments and allegations contained in paragraph 4 of the Amended Complaint.

5. Defendants deny the averments and allegations contained in paragraph 5 of the Amended Complaint.

5090743.2

6. Defendants deny the averments and allegations contained in paragraph 6 of the Amended Complaint.

7. Defendants deny the averments and allegations contained in paragraph 7 of the Amended Complaint.

8. Defendants deny the averments and allegations contained in paragraph 8 of the Amended Complaint.

9. Defendants deny the averments and allegations contained in paragraph 9 of the Amended Complaint.

10. Defendants deny the averments and allegations contained in paragraph 10 of the Amended Complaint.

11. Defendants deny the averments and allegations contained in paragraph 11 of the Amended Complaint.

12. Defendants deny the averments and allegations contained in paragraph 12 of the Amended Complaint.

13. Defendants deny the averments and allegations contained in paragraph 13 of the Amended Complaint.

14. Defendants deny the averments and allegations contained in paragraph 14 of the Amended Complaint.

15. Defendants deny the averments and allegations contained in paragraph 15 of the Amended Complaint.

16. Defendants deny the averments and allegations contained in paragraph 16 of the Amended Complaint.

17. Defendants deny the averments and allegations contained in paragraph 17 of the Amended Complaint.

18. Defendants deny the averments and allegations contained in paragraph 18 of the Amended Complaint.

19. Defendants deny the averments and allegations contained in paragraph 19 of the Amended Complaint.

20. Defendants deny the averments and allegations contained in paragraph 20 of the Amended Complaint.

21. Defendants deny the averments and allegations contained in paragraph 21 of the Amended Complaint.

22. Defendants deny the averments and allegations contained in paragraph 22 of the Amended Complaint.

23. Defendants deny the averments and allegations contained in paragraph 23 of the Amended Complaint.

24. Defendants deny the averments and allegations contained in paragraph 24 of the Amended Complaint.

25. Defendants deny the averments and allegations contained in paragraph 25 of the Amended Complaint.

26. Defendants deny the averments and allegations contained in paragraph 26 of the Amended Complaint.

27. Defendants deny the averments and allegations contained in paragraph 27 of the Amended Complaint.

28. Defendants deny the averments and allegations contained in paragraph 28 of the Amended Complaint.

29. Defendants deny the averments and allegations contained in paragraph 29 of the Amended Complaint.

30. Defendants deny the averments and allegations contained in paragraph 30 of the Amended Complaint.

31. Defendants deny the averments and allegations contained in paragraph 31 of the Amended Complaint.

32. Defendants deny the averments and allegations contained in paragraph 32 of the Amended Complaint.

33. Defendants deny the averments and allegations contained in paragraph 33 of the Amended Complaint.

34. Defendants deny the averments and allegations contained in paragraph 34 of the Amended Complaint.

35. Defendants deny the averments and allegations contained in paragraph 35 of the Amended Complaint.

36. Defendants deny the averments and allegations contained in paragraph 36 of the Amended Complaint.

37. Defendants deny the averments and allegations contained in paragraph 37 of the Amended Complaint.

38. Defendants deny the averments and allegations contained in paragraph 38 of the Amended Complaint.

39. Defendants deny the averments and allegations contained in paragraph 39 of the Amended Complaint.

40. Defendants deny the averments and allegations contained in paragraph 40 of the Amended Complaint.

41. Defendants deny the averments and allegations contained in paragraph 41 of the Amended Complaint.

42. Defendants deny the averments and allegations contained in paragraph 42 of the Amended Complaint.

43. Defendants deny the averments and allegations contained in paragraph 43 of the Amended Complaint.

44. Defendants deny the averments and allegations contained in paragraph 44 of the Amended Complaint.

45. Defendants deny the averments and allegations contained in paragraph 45 of the Amended Complaint.

46. Defendants deny the averments and allegations contained in paragraph 46 of the Amended Complaint.

47. Defendants deny the averments and allegations contained in paragraph 47 of the Amended Complaint.

48. Defendants deny the averments and allegations contained in paragraph 48 of the Amended Complaint.

49. Defendants deny the averments and allegations contained in paragraph 49 of the Amended Complaint.

50. Defendants deny the averments and allegations contained in paragraph 50 of the Amended Complaint.

51. Defendants deny the averments and allegations contained in paragraph 51 of the Amended Complaint.

52. Defendants deny the averments and allegations contained in paragraph 52 of the Amended Complaint.

53. Defendants deny the averments and allegations contained in paragraph 53 of the Amended Complaint.

**ANSWER TO JURISDICTION AND VENUE**

54. In response to paragraph 54, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's remaining federal claims, but deny any violation of Plaintiff's constitutional rights.

55. In response to paragraph 55, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's remaining federal claims, but deny any violation of Plaintiff's constitutional rights.

56. In response to paragraph 56, Defendants admits that venue is appropriate, but deny any violation of Plaintiff's constitutional rights that would give rise to a cause of action.

## ANSWER TO THE PARTIES

57. Defendants are is without sufficient knowledge or information to admit or deny the averments contained in paragraph 57 of the Amended Complaint and therefore deny the same.

58. The City of Lawrence City Commission has been dismissed from the instant suit (Doc. 34) and therefore no response is required as to paragraph 58 of the Amended Complaint.

59. Defendants admit that at all time they acted in conformance with all policies of the City of Lawrence Police force, but deny the rest and remainder of the averments and allegations contained in paragraph 59 of the Amended Complaint.

60. Defendants admit that Defendant Smyser was employed by the City of Lawrence, but denies any wrongful acts that would give rise to suit against him in his individual capacity as alleged in paragraph 60 of the Amended Complaint.

61. Defendants admit that Defendant Spencer was employed by the City of Lawrence, but denies any wrongful acts that would give rise to suit against him in his individual capacity as alleged in paragraph 61 of the Amended Complaint.

62. Defendants admit that Defendant Doncouse was employed by the City of Lawrence, but denies any wrongful acts that would give rise to suit against him in his individual capacity as alleged in paragraph 62 of the Amended Complaint.

63. Defendants admit that Defendant Ashley was employed by the City of Lawrence, but denies any wrongful acts that would give rise to suit against him in his individual capacity as alleged in paragraph 63 of the Amended Complaint.

## ANSWER TO MORE FACTS

64. Defendants deny the averments and allegations contained in paragraph 64 of the Amended Complaint.

65. Defendants deny the averments and allegations contained in paragraph 65 of the Amended Complaint.

66. Defendants deny the averments and allegations contained in paragraph 66 of the Amended Complaint.

67. Defendants deny the averments and allegations contained in paragraph 67 of the Amended Complaint.

68. Defendants deny the averments and allegations contained in paragraph 68 of the Amended Complaint.

69. Defendants deny the averments and allegations contained in paragraph 69 of the Amended Complaint.

70. Defendants deny the averments and allegations contained in paragraph 70 of the Amended Complaint.

71. Defendants deny the averments and allegations contained in paragraph 71 of the Amended Complaint.

72. Defendants deny the averments and allegations contained in paragraph 72 of the Amended Complaint.

73. Defendants admit that paragraph 73 of the Amended Complaint quotes a section of the City of Lawrence Police Department manual, but denies that it is complete and that the entire manual is the best evidence of what is contained therein.

74. Defendants deny the averments and allegations contained in paragraph 74 of the Amended Complaint.

75. Defendants admit the averments contained in paragraph 75 of the Amended Complaint.

76. Defendants admit that paragraph 76 of the Amended Complaint quotes a section of the City of Lawrence Police Department manual, but denies that it is complete and that the entire manual is the best evidence of what is contained therein.

77. Defendants admit the averments contained in paragraph 77 of the Amended Complaint.

78. Defendants deny the averments and allegations contained in paragraph 78 of the Amended Complaint.

79. Defendants deny the averments and allegations contained in paragraph 79 of the Amended Complaint.

80. Defendants admit that paragraph 80 of the Amended Complaint quotes a section of the City of Lawrence Police Department manual, but denies that it is complete and that the entire manual is the best evidence of what is contained therein.

81. Defendants deny the averments and allegations contained in paragraph 81 of the Amended Complaint.

82. Defendants deny the averments and allegations contained in paragraph 82 of the Amended Complaint.

83. Defendants deny the averments and allegations contained in paragraph 83 of the Amended Complaint.

84. Defendants deny the averments and allegations contained in paragraph 84 of the Amended Complaint.

85. Defendants deny the averments and allegations contained in paragraph 85 of the Amended Complaint.

86. Defendants deny the averments and allegations contained in paragraph 86 of the Amended Complaint.

87. Defendants deny the averments and allegations contained in paragraph 87 of the Amended Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

88. Based upon this Court's Order, Doc. 34, the claims asserted in Count I have been dismissed from this suit and therefore no response is required from Defendants. If a response is deemed required, Defendants deny each and every averment and allegation contained in paragraphs 88-100 of the Amended Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

89. In response to paragraph 101 of the Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 100 of the Amended Complaint as if fully set forth herein.

90. Based upon this Court's Order, Doc. 34, the claims asserted in Count II have been dismissed from this suit and therefore no response is required from Defendants. If a response is deemed required, Defendants deny each and every averment and allegation contained in paragraphs 102-115 of the Amended Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

91. In response to paragraph 116 of the Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 115 of the Amended Complaint as if fully set forth herein.

92. Defendants deny the averments and allegations contained in paragraph 117 of the Amended Complaint.

93. Defendants deny the averments and allegations contained in paragraph 118 of the Amended Complaint.

94. Defendants deny the averments and allegations contained in paragraph 119 of the Amended Complaint.

95. Defendants deny the averments and allegations contained in paragraph 120 of the Amended Complaint.

96. Defendants deny the averments and allegations contained in paragraph 121 of the Amended Complaint.

97. Defendants deny the averments and allegations contained in paragraph 122 of the Amended Complaint.

98. Defendants deny the averments and allegations contained in paragraph 123 of the Amended Complaint.

99. Defendants deny the averments and allegations contained in paragraph 124 of the Amended Complaint.

100. Defendants deny the averments and allegations contained in paragraph 125 of the Amended Complaint.

101. Defendants deny the averments and allegations contained in paragraph 126 of the Amended Complaint.

102. Defendants deny the averments and allegations contained in paragraph 127 of the Amended Complaint.

103. Defendants deny the averments and allegations contained in paragraph 128 of the Amended Complaint.

104. Defendants deny the averments and allegations contained in paragraph 129 of the Amended Complaint.

105. Defendants deny the averments and allegations contained in paragraph 130 of the Amended Complaint.

106. Defendants deny the averments and allegations contained in paragraph 131 of the Amended Complaint.

107. Defendants deny the averments and allegations contained in paragraph 132 of the Amended Complaint.

108. Defendants deny the averments and allegations contained in paragraph 133 of the Amended Complaint.

109. Defendants deny the averments and allegations contained in paragraph 134 of the Amended Complaint.

110. Defendants deny the averments and allegations contained in paragraph 135 of the Amended Complaint.

111. Defendants deny the averments and allegations contained in paragraph 136 of the Amended Complaint.

112. Defendants deny the averments and allegations contained in paragraph 137 of the Amended Complaint.

113. Defendants deny the averments and allegations contained in paragraph 138 of the Amended Complaint.

114. Defendants deny the averments and allegations contained in paragraph 139 of the Amended Complaint.

115. Defendants deny the averments and allegations contained in paragraph 140 of the Amended Complaint.

116. Defendants deny the averments and allegations contained in paragraph 141 of the Amended Complaint.

## **ANSWER TO FOURTH CAUSE OF ACTION**

117. In response to paragraph 142 of the Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 141 of the Amended Complaint as if fully set forth

herein.

118. Based upon this Court's Order, Doc. 34, the claims asserted in Count IV have been dismissed from this suit and therefore no response is required from Defendants. If a response is deemed required, Defendants deny each and every averment and allegation contained in paragraphs 143-149 of the Amended Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION

119. In response to paragraph 150 of the Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 149 of the Amended Complaint as if fully set forth herein.

120. Based upon this Court's Order, Doc. 34, the claims asserted in Count V have been dismissed from this suit and therefore no response is required from Defendants. If a response is deemed required, Defendants deny each and every averment and allegation contained in paragraphs 151-169 of the Amended Complaint.

## ANSWER TO PRAYER FOR RELIEF

121. Defendants deny Plaintiff's entitlement to relief requested in paragraph 170 of the Amended Complaint.

122. Defendants deny Plaintiff's entitlement to relief requested in paragraph 171 of the Amended Complaint.

123. Defendants deny Plaintiff's declaratory statements and entitlement to relief requested in paragraph 172 of the Amended Complaint.

124. Defendants deny Plaintiff's declaratory statements and entitlement to relief requested in paragraph 173 of the Amended Complaint.

125. Defendants deny Plaintiff's declaratory statements and entitlement to relief requested in paragraph 174 of the Amended Complaint.

126. Defendants deny Plaintiff's declaratory statements and entitlement to relief requested in paragraph 175 of the Amended Complaint.

127. Defendants deny Plaintiff's declaratory statements and entitlement to relief requested in paragraph 176 of the Amended Complaint.

128. Defendants deny Plaintiff's declaratory statements and entitlement to relief requested in paragraph 177 of the Amended Complaint, and specifically deny Plaintiff is a representative of any class of persons.

129. Defendants deny Plaintiff's declaratory statements and entitlement to relief requested in paragraph 178 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES AND OTHER RESPONSES**

130. Further answering, Defendants specifically deny each and every allegation and legal conclusion not specifically admitted herein.

131. Plaintiff's Amended Complaint fails to state facts sufficient to constitute any cause of action against Defendants and fails to state a claim upon which relief may be granted against them so that the same should be dismissed at Plaintiff's costs.

132. Defendants are entitled to qualified immunity from all of Plaintiff's claims, as well as those immunities available at common law, under the United States Constitution, and pursuant to K.S.A. 75-6104.

133. Defendants acted with objective reasonableness under the circumstances then existing and their conduct was justified and privileged.

134. Defendants acts and/or actions and/or failure to act were discretionary in nature, were objectively reasonable under the circumstances then existing, and were not in violation of clearly established law and, therefore, Defendants are protected from liability by the doctrine of qualified immunity.

135. Defendants actions did not constitute excessive force under the factors set forth in *Graham v. Connor,* 490 U.S. 386, 397 (1989) and they are entitled to qualified immunity.

136. Defendants state that Plaintiff is not entitled to any punitive damage award against them for any one or more of the following reasons:

   a. The standards by which Defendants conduct is to be determined as alleged by Plaintiff is vague and wholly arbitrary and, as such, denies due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

   b. The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Defendants of the potential repercussions of their alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendment of the United States Constitution;

   c. Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

   d. Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

   e. Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

   f. Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that Defendants wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

   g. Plaintiff's request for punitive damages cannot protect Defendants against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

   h. An award of punitive damages would violate Defendants due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*.

   i. to the extent that Defendants are being sued in his representative and/or official capacity, Plaintiff is not entitled to any punitive damage award against them because punitive damages man not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to *City of Newport v. Fact Concerts, Inc*.

137. Plaintiff's damages, if any, are not of the nature and extent alleged.

138. Plaintiff's damages, if any, are limited by his failure to mitigate them.

139. Defendants reserve the right to assert any and all affirmative defenses made known to them during discovery.

140. After additional discovery has been obtained in this case, Defendants may ask the Court for leave to amend their Answer to allege any additional defenses that may be revealed during the course of discovery or at trial.

WHEREFORE, Defendants prays that Plaintiff take nothing by his Amended Complaint, that they be awarded costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and for such other and further relief this Court deems just and proper.

Respectfully submitted,

HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832


By:   /s/ Michelle R. Stewart
      Michelle R. Stewart, mstewart@hinklaw.com   #19260
      ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16 day of April, 2025, the foregoing *Defendants' Answer to Amended Complaint* was filed electronically with the Clerk of the US District Court; and a copy was served via ECF electronic notification and via email on the following:

Linus L. Baker, #18197 (linusbaker@prodigy.net)
6732 West 185th Terrace
Stilwell, KS 66085-8922
913-486-3913 / Fax 913-232-8734
*Attorneys for Plaintiff*

          /s/Michelle R. Stewart
ATTORNEYS FOR DEFENDANTS