IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEE KENNON,

        Plaintiff,

v.                                                                                            Case No. 24-4034-JWB

DANIEL ASHLEY, JOSHUA DONCOUSE
AUSTIN SPENCER, and CHARLES SMYSER,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for reconsideration of the court's order on Defendants' motion to dismiss. (Docs. 34, 55.) The motion is fully briefed and ripe for decision. (Docs. 55, 62, 63.) The motion is TAKEN UNDER ADVISEMENT. Plaintiff's counsel is ORDERED to show cause why he should not be sanctioned, as further explained herein.

**I.    Facts**

The court has set forth the alleged facts at length in its prior order. (Doc. 34); *Kennon v. Ashley*, No. 24-CV-4034, 2025 WL 958277 at *1-3 (D. Kan. Mar. 31, 2025). To briefly recap, Defendants in this case are police officers who responded to a domestic violence call between Plaintiff and a woman. (Doc 34 at 1.) After a mostly peaceful scene, the situation escalated when Plaintiff sought to leave the scene with his personal belongings, which police could not transport for him. (*Id.* at 2.) Plaintiff repeatedly verbally taunted police officers and moved towards them, daring them to make an arrest. (*Id.*) Plaintiff was arrested for disorderly conduct. (*Id.* at 3.) The officers reported that Plaintiff engaged in threatening conduct including throwing his belongings at an officer's feet and "chesting" him up. (*Id.*) Officers also cited Plaintiff's aggressive and

1

threatening language as a reason for his arrest. (*Id.*) Plaintiff then damaged part of the patrol car and was placed in a restraining device and removed from the patrol car. (*Id.* at 3-4.) After his removal, police officers exerted various forms of force upon him. (*Id.* at 4.) Plaintiff claims to suffer from health issues, including post-traumatic stress disorder, as a result. (*Id.*) The charges against Plaintiff of domestic battery, battery, disorderly conduct, and interference with law enforcement were all dismissed. (*Id.* at 5.)

Plaintiff brought the instant lawsuit against the City Commission and the four police officers in their individual capacities. (*Id.*) This court dismissed the claim against the City Commission in its prior order. (*Id.* at 19.) It also dismissed claims against the officers for "retaliatory arrest for protected speech" and "unlawful arrest and failure to intervene" and "malicious prosecution." (*Id.* at 6, 8, 9.) The court allowed Plaintiff's excessive force claim to remain. (*Id.* at 19.)

Now, eight months after the entry of that order, Plaintiff asks this court to reconsider its holdings on the three dismissed claims against the officers based on deposition testimony and video evidence obtained in discovery. (Doc. 55 at 11.) Plaintiff believes that this testimony and video reveals facts that the court could not have known when it partially granted Defendants motions to dismiss. (*Id.*) At this juncture, the court declines to rule on Plaintiff's motion for the reasons stated below.

## II.  Standard

Plaintiff's initial motion is set out as a Rule 60(b) motion. (*Id.* at 2.) But as Defendants argue, and Plaintiff seemingly concedes in his reply brief, the motion is more properly viewed as one under Rule 54(b). (Doc. 62 at 2; Doc. 63 at 2.) "Although not formally recognized by the Federal Rules of Civil Procedure, motions for reconsideration are generally construed under Rule

2

54(b), Rule 59(e), or Rule 60(b), depending on when the motion is filed." *Gale v. Uintah Cnty*, No. 13-CV-725, 2021 WL 4553218 at *2 (D. Utah Oct. 5, 2021) (citing *Price v. Philpot*, 420 F.3d 1158, 1167, n. 9 (10th Cir. 2005)). Under Rule 54(b) "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Though the Rule 54(b) power is more open ended, *see Gale*, 2021 WL 4553218 at *3, the analysis for district courts is the same as under Rules 59(e) and 60(b). "Motions for reconsideration may only be granted based on the availability of new evidence, an intervening change in the controlling law, or the need to correct clear error to prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Courts should limit motions for reconsideration to "extraordinary circumstances." *Id.*

**III.   Analysis**

That said, Plaintiff may have forfeited the opportunity to have a ruling on the merits of his motion. As Defendants point out, Plaintiff's motion is littered with citations to nonexistent quotes in Defendant Ashley's deposition. (Doc. 62 at 4.) The court will walk through the following examples.

On page one of Plaintiff's motion, he says "Defendant Ashley admitted the arrest was based solely on 'language,' not physical conduct, and that Plaintiff made 'no threatening gestures or movements.'" (Doc. 55 at 1) (quoting Doc. 55-1 at 33:7-11). The phrase "no threatening gestures or movements" does not appear anywhere in Defendant Ashley's deposition. Moreover, the cited portion of the deposition does not even address the reasons for Plaintiff's arrest.

3

Also on page one of Plaintiff's motion is the following sentence: "Ashley testified he did not determine probable cause existed until four months after the arrest, when he reviewed video footage." (Doc. 55 at 1) (citing Doc. 55-1 at 151:4-13). Once again, the cited portion doesn't even relate to the claim in the brief.

On page two of Plaintiff's motion, he claims "[b]oth Ashley and Spencer confirmed Plaintiff made no threatening gestures, never 'chested up' to anyone in a manner constituting disorderly conduct, and that no one was alarmed by his conduct." (Doc. 55 at 2) (citing Doc. 55-1 at 107:13-15, 108:2-6, 162:9-16; Doc. 55-2 at 80:4-6, 81:1-3). By contrast, the identified portions, and surrounding testimony from Defendant Ashley's deposition show precisely the opposite. Plaintiff did apparently chest up to officers. The cited portions describe Defendant Ashley's testimony about that occurrence. Defendant Spencer by contrast, did testify that he did not recall Plaintiff chesting up to an officer.

On page four of Plaintiff's motion, he block quotes from Defendant Ashley's deposition, the following exchange:

> Q. "What did you tell Mr. Kennon he was under arrest for?"
> A. "I told him, 'You're under arrest for disorderly conduct for all the language you're using toward both of these women.'"
> Q. "So the basis for the arrest was what he said, not what he did?"
> A. Yes, the things he said to those women."
> Q. "Did he make any threatening gestures or movements?"
> A. "No. It was the language."

(Doc. 55 at 4) (quoting Doc. 55-1 at 33:2-11). Not only does that block quote not appear on page 33, it also does not appear anywhere else in the deposition. In fact, the phrase "what he said, not what he did" appears nowhere in the deposition. Likewise, the phrase "[i]t was the language" is not present either.

Perhaps not surprisingly by this point, Plaintiff quotes another phantom passage. On page five of his motion, Plaintiff quotes the following deposition testimony.

> Q. "At any time did Mr. Kennon ever raise his hands, clench his fists, or take any other action that you would interpret as a threatening gesture?"
> A. "No, not that I recall."
> Q. "When you say he 'chested up,' did he ever touch Officer Smyser or move toward him in a striking motion?"
> A. "No. There was no contact."
> Q. "Did he make any threats to harm you or any of the officers?"
> A. "No direct threats. He was loud, but not threatening."
> Q. "Chesting up to someone alone is not disorderly conduct?"
> A. "Chesting up to someone alone is not disorderly conduct."

(Doc. 55 at 4-5) (quoting Doc. 55-1 at 107:13-15, 108:2-6, 109:1-4). The phrases "not that I recall", "There was no contact" and "not threatening" appear nowhere in Defendant Ashley's deposition. And, as expected, the cited portions of the deposition do not contain the above exchange.

Again, on page five of Plaintiff's motion he quotes, this time from Defendant Spencer's deposition:

> Q. "After watching your body camera footage, did you see anything in it that you would now describe as threatening behavior by Mr. Kennon?"
> A. "No. I didn't."
> Q. "Did the video refresh your recollection as to whether Mr. Kennon ever raised his hands, clenched his fists, or moved toward anyone in a threatening way?"
> A. "No. He didn't do that."

(Doc. 55 at 5) (quoting Doc. 55-2 at 80:4-6, 81:1-3). The block quote does not appear in the cited portions of the deposition. The phrase "He didn't do that" is never spoken by Defendant Spencer in his deposition. The phrase "you would now describe" appears nowhere in the deposition.

On page six, Plaintiff quotes the Ashley deposition once more:

> Q. "When did you decide that Mr. Kennon had committed the crime of disorderly conduct?"
> A. "After reviewing the video footage, I realized his behavior met the elements."
> Q. "So you didn't make that determination at the scene?"

5

      A. "No. I concluded that after watching the footage."

(Doc. 55 at 6) (quoting Doc. 55-1 at 151:4-9). This colloquy never appears in the deposition, and certainly not at the cited part of the document. The word footage, as Defendants point out, never appears in the deposition. The phrase "after reviewing" never appears in the deposition either.

      On page seven, Plaintiff quotes from the Ashley deposition:

Q. "When you told him, 'if you challenge my officers again, you're going to jail,' did he challenge anyone after that?"
A. "No."
Q. "So why did you arrest him?"
A. "He said, 'Take me to jail.' I said, 'Okay.'"

(Doc. 55 at 7) (quoting Doc. 55-1 at 116:12-17). While the first part of this exchange appears to be a paraphrase of a question asked in the deposition, the motion's retelling is not accurate. The question "so why did you arrest him" is never asked. Moreover, while Defendant Ashley did admit that Plaintiff was arrested in part because he said, "arrest me", there is far more context in the surrounding passages that Plaintiff omits. (Doc. 55-1 at 115-116.) The short, punctual exchange that Plaintiff quotes, does not exist.

      On page nine, Plaintiff quotes another long passage from the Ashley deposition that the court won't bother to reproduce. (Doc. 55 at 9) (quoting Doc. 55-1 at 161:22-162:16). While the subject matter of the cited portion is vaguely on point, the quoted passage does not exist.

      This pattern of behavior is egregious. The repetition rules out any likelihood of inadvertence. It is unclear to the court what Plaintiff's attorney was attempting to achieve. He has succeeded only in being a kamikaze to his credibility. Plaintiff is responsible for the content of his filings with the court. Fed. R. Civ. P. 11(b). Inaccuracies or misrepresentations are grounds for sanctions under Rule 11 of the Federal Rules of Civil Procedure. The court on its own initiative may order a party to show cause why particular conduct has not violated Rule 11(b). Fed. R. Civ.

P. 11(c)(3). Pursuant to that authority, and pursuant to its inherent supervisory authority over the litigants and their representatives appearing before it, the court directs Plaintiff, within 7 days of the date of this order, to file a memorandum with the clerk explaining why the motion for reconsideration should not be denied and why Plaintiff should not bear Defendants' costs of briefing this motion.

**IV.    Conclusion**

For the reasons explained above, Plaintiff's motion for reconsideration (Doc. 55), is TAKEN UNDER ADVISEMENT and Plaintiff's attorney is ORDERED to show cause why he should not be sanctioned pursuant to Rule 11.  A response is due within 7 days of the date of this order.

IT IS SO ORDERED.  Dated this 18th day of February, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE
